IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| ALVO GRAIN AND FEED, INC., ) | |
| ) | CASE NO. BK08-80876-TLS |
| Debtor(s). ) | A08-8029-TLS |
| RICHARD D. MYERS, Trustee of the Alvo ) | |
| Grain and Feed, Inc., Chapter 7 Bankruptcy ) | CH. 7 |
| Estate, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AMERICAN EXCHANGE BANK, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the Chapter 7 trustee's motion for partial summary judgment (Fil. #42) and resistance by American Exchange Bank (Fil. #48). Erin R. Harris represents the Chapter 7 trustee, and John C. Hahn represents American Exchange Bank. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The issue here is whether U.C.C. financing statements filed under the name of "Alvo Grain & Feed, Inc.," when the debtor's legal name is "Alvo Grain and Feed, Inc.," are seriously misleading under Revised Article 9 of the Uniform Commercial Code and therefore insufficient to perfect the lender's security interest.

Alvo Feed and Grain, Inc., filed a Chapter 11 bankruptcy petition in April 2008. The debtor in possession and two unsecured creditors filed this adversary proceeding against American Exchange Bank to avoid the bank's lien on the debtor in possession's personal property and certain warehouse receipts, and to recover an alleged preference. The case was converted to a Chapter 7 in December 2008, and the trustee was substituted as plaintiff in this adversary proceeding. The trustee filed a motion for partial summary judgment as to Claim I of the amended complaint, which deals with the validity of the bank's lien on the debtor's personal property.

The bank claims a perfected lien on property, including accounts and other rights to payment, inventory, equipment, instruments and chattel paper, general intangibles, documents, farm products and supplies, government payments and programs, investment property, deposit accounts, and

warehouse receipts, by virtue of five U.C.C. financing statements filed between 1986 and 2004 and the relevant continuation statements.

The trustee argues that an on-line search of the Nebraska Secretary of State's U.C.C. records failed to find the financing statements because they were filed under the name of "Alvo Grain & Feed, Inc." rather than the debtor's legal name. The use of an ampersand for the word "and" is the controversy.

Section 9-502 of the Nebraska Uniform Commercial Code requires financing statements to provide, *inter alia*, the name of the debtor. When the debtor is a registered organization, such as a corporation, the financing statement must provide "the name of the debtor indicated on the public record of the debtor's jurisdiction of organization which shows the debtor to have been organized." Neb. U.C.C. § 9-503(a)(1) (LexisNexis 2009). The legal corporate name must be used; a trade name is insufficient. *Id.* § 9-503(c).

A financing statement may contain minor errors and omissions yet substantially satisfy U.C.C. requirements, unless the errors or omissions cause the financing statement to be "seriously misleading."*Id.* § 9-506(a)(i). "[A] financing statement that fails sufficiently to provide the name of the debtor in accordance with section 9-503(a) is seriously misleading."*Id.* § 9-506(a)(ii). *See also Genoa Nat'l Bank v. Southwest Impl., Inc. (In re Borden)*, 2007 WL 2407032 (D. Neb. Aug. 20, 2007) (affirming that the use of an individual debtor's nickname in a financing statement was insufficient under Neb. U.C.C. § 9-503(a)). However, if the financing statement would be discovered in a search under the debtor's correct name, using the filing office's standard search logic, if any, then as a matter of law the incorrect name does not make the financing statement seriously misleading. Neb. U.C.C. § 9-506 Official Cmt. 2.

The declaration evidence presented by each party here on the issue of whether or not the financing statements would be discovered in a standard-search-logic search of the filing office's records is in diametric contradiction. An attorney and a paralegal declare for the trustee that they each performed an internet search of the Secretary of State's U.C.C. records for "Alvo Grain and Feed, Inc.," and "Alvo Grain," and did not find American Exchange Bank's U.C.C. financing statements. *See* Decl. of Nancy Wisehart (Fil. #44) and Decl. of Jovan Lausterer (Fil. #45).

In contrast, the bank president declared that such searches, "if not conducted in bad faith and pursuant to the instructions," would have found the relevant financing statements, and, moreover, that searches conducted by Secretary of State personnel for "Alvo Grain & Feed, Inc." and "Alvo Grain" did find the U.C.C. statements. *See* Decl. of Richard Clements (Fil. #49). The issue is not whether a search for "Alvo Grain & Feed, Inc." would reveal the financing statements, as there does not seem to be a dispute in that regard; the name was entered in that manner on the UCC-1 form and that is how it was recorded. However, the evidence indicating that a search for "Alvo Grain" by an employee of the Secretary of State's office would turn up the financing statements while the same search via the website would not causes some concern and requires further fact-finding.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992).

Clearly, a genuine issue of material fact exists here. The contradictory evidence is exacerbated by the lack of evidence in the record as to what constitutes the standard search logic for the Nebraska Secretary of State's U.C.C. records and how two searchers conducting the same search could come up with such different, and apparently incomplete, results.

IT IS ORDERED: The Chapter 7 trustee's motion for partial summary judgment (Fil. #42) is denied.

DATED: June 8, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *John C. Hahn
    Erin R. Harris
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.