IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK08-80876-TLS |
| ) | |
| ALVO GRAIN AND FEED, INC., ) | CH. 7 |
| ) | |
| Debtor. ) | |
| RICHARD D. MYERS, Trustee of the ) | ADV. NO. A08-08029-TLS |
| Alvo Grain and Feed, Inc. Chapter 7 ) | |
| Bankruptcy Estate, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AMERICAN EXCHANGE BANK, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Trial was held in Omaha, Nebraska, on October 22, 2009, on Plaintiff's Amended Complaint (Fil. #17). Erin Harris appeared on behalf of the Chapter 7 Trustee, and John Hahn appeared for American Exchange Bank.

The issue is whether Uniform Commercial Code financing statements filed under the name of "Alvo Grain & Feed, Inc." when Debtor's exact legal name is "Alvo Grain and Feed, Inc." are seriously misleading under Revised Article 9 of the Uniform Commercial Code as enacted in Nebraska and, therefore, insufficient to perfect American Exchange Bank's security interest. As discussed below, I have determined that under the statutory scheme involved, I am required to find the financing statements are seriously misleading.

Alvo Grain and Feed, Inc. filed a Chapter 11 bankruptcy petition in April 2008. The debtor in possession and two unsecured creditors filed this adversary proceeding against American Exchange Bank to avoid American Exchange Bank's lien on the debtor in possession's personal property.[1] In December 2008, the case was converted to a Chapter 7, and the Chapter 7 Trustee was substituted as the Plaintiff in this adversary proceeding.

American Exchange Bank claims a perfected lien on property, including accounts and other rights to payment, inventory, equipment, instruments and chattel paper, general intangibles, documents, farm products and supplies, government payments and programs, investment property,

---

[1] There were two additional causes of action in the initial filing, but one has been dismissed and the other has been settled.

deposit accounts, and warehouse receipts by virtue of five UCC financing statements filed between 1986 and 2004, and the relevant continuation statements. The Chapter 7 Trustee argues that a search (whether online or written) of the Nebraska Secretary of State's UCC's records fails to find the financing statements because they were filed under the name of "Alvo Grain & Feed, Inc." rather than Debtor's true legal name. The use of an ampersand for the word "and" is the controversy.

Section 9-502 of the Nebraska Uniform Commercial Code requires financing statements to provide, *inter alia*, the name of the debtor. When the debtor is a registered organization, such as a corporation, the financing statement must provide "the name of the debtor indicated on the public record of the debtor's jurisdiction of organization which shows the debtor to have been organized." Neb. U.C.C. § 9-503(a)(1) (LexisNexis 2009). The legal corporate name must be used; a trade name is insufficient. *Id.* § 9-503(c).

A financing statement may contain minor errors and omissions yet substantially satisfy UCC requirements, unless the errors or omissions cause the financing statement to be "seriously misleading." *Id.* § 9-506(a)(i). "[A] financing statement that fails sufficiently to provide the name of the debtor in accordance with section 9-503(a) is seriously misleading." *Id.* §9-506(a)(ii). *See also Genoa Nat'l Bank v. Southwest Impl., Inc. (In re Borden)*, 2007 WL 2407032 (D. Neb. Aug. 20, 2007) (affirming that the use of an individual debtor's nickname in a financing statement was insufficient under Nebraska U.C.C. § 9-503(a)). However, if the financing statement would be discovered in a search under the debtor's correct name, using the filing office's standard search logic, if any, then as a matter of law the incorrect name does not make the financing statement seriously misleading. Neb. U.C.C. § 9-506 Official Cmt. 2.

At trial, Plaintiff presented the evidence of various witnesses, including a lawyer who performed an online search using instructions on the Secretary of State's website, as well as testimony from two individuals employed in the office of the Nebraska Secretary of State UCC division. Based on the testimony of those individuals, the following facts are uncontroverted:

1.    A search of UCC filings for "Alvo Grain and Feed, Inc." following the instructions on the Secretary of State's website and using the search engine provided on the website did not reveal the financing statements of American Exchange Bank.

2.    A search of UCC filings for "Alvo Grain and Feed, Inc." completed by the Secretary of State's office pursuant to a written search request did not reveal the financing statements of American Exchange Bank.

3.    A search of UCC filings for "Alvo Grain and Feed, Inc." using the Secretary of State's standard search logic will not reveal a financing statement that used "Alvo Grain & Feed, Inc." as the name of the debtor.

4.    A search conducted on the Secretary of State's website and a search conducted by personnel of the Secretary of State based on a written request utilize the same search logic and database.

   5. The Secretary of State's office standard search logic searches the name exactly as it was provided to it by the searcher. The Secretary of State's office does not manipulate the name given or use variances of the name provided to it by the searcher.

   6. The word "and" and the symbol "&" are not disregarded by the Secretary of State's standard search logic for UCC searches.

   7. The Secretary of State's search database will only reveal the names of debtors contained in financing statements that exactly match the name searched.

   Upon the filing of a petition in bankruptcy, the bankruptcy trustee has the status of a judgment lien creditor. 11 U.S.C. § 544. "The trustee has the avoiding powers of a lien creditor and as such, holds an interest superior to that of the holder of an unperfected security interest." *Kelly v. Gothenburg State Bank & Trust Co. (In re Zysset)*, 2008 Bankr. LEXIS 271 at *3 (Bankr. D. Neb. Sept. 11, 2008) (citing 11 U.S.C. § 544(a)). "[I]f the security interest is not properly perfected, the Chapter 7 Trustee in bankruptcy, as a 'lien creditor,' causes the interest of the bank to be subordinated to the interest of the Trustee on behalf of the bankruptcy estate." *In re Pierce-Johnson*, 1999 Bankr. LEXIS 2018 at *2-3 (Bankr. D. Neb. Jan. 20, 1999). Thus, if American Exchange Bank's financing statements are seriously misleading under the UCC and, therefore, not properly perfected, American Exchange Bank's security interest is ineffective against the Chapter 7 Trustee as a lien creditor pursuant to 11 U.S.C. § 544(a)(1) and (2).

   To have a perfected lien on the personal property of Debtor, American Exchange Bank's financing statements must provide the name of Debtor. Neb. Rev. Stat. U.C.C. § 9-502(a)(1) (Reissue 2001). The parties do not dispute that the official corporate name of Debtor is "Alvo Grain and Feed, Inc." as evidenced by its Articles of Incorporation filed with the Nebraska Secretary of State on July 10, 1958. It is also undisputed that the financing statements filed by American Exchange Bank were filed under the name "Alvo Grain & Feed, Inc."

   As this Court stated in the case of *Hastings State Bank v. EDM Corp.*, 2009 WL 367773 (Bankr. D. Neb. Feb. 10, 2009):

> Nebraska has adopted Revised Article 9 of the UCC, which provides that "a financing statement is sufficient only if it: (1) provides the name of the debtor." Neb. Rev. Stat. U.C.C. § 9-502(a)(1) (1999). The revision of Article 9 was meant to facilitate "a system of notice filing" under which security interest documents need not be filed, but rather only a single document notifying parties in interest that a creditor may have an interest in certain property owned by the debtor. Official Uniform Commercial Code Comment [hereinafter "UCC Cmt."] 2. Because notice of a secured interest in property is accomplished by searching the debtor's name, "[t]he requirement that a financing statement provide the debtor's name is particularly important." *Id.* The revised U.C.C. § 9-503, is meant to "clarify when a debtor's name is correct and when an incorrect name is insufficient." See Neb. Rev. Stat. § 9-101, UCC Cmt. 4.h. If a financing statement "fails sufficiently to provide

>   the name of the debtor," it is deemed to be "seriously misleading" under the UCC. Neb. Rev. Stat. U.C.C. § 9-506(b); § 9-503, UCC Cmt 2. The revised § 9-506 deems a financing statement seriously misleading if the debtor's name does not comply with § 9-503(a), unless a search under the debtor's correct name, using the filing office's "standard search logic," would reveal the financing statement. *In re Irwin*, 2003 WL 21513158, *8-11 (Bankr. D. Kan. 2003).

*Id.* at *3.

The undisputed evidence established that a search of Debtor's correct legal name using the Secretary of State's standard search logic does not reveal American Exchange Bank's financing statements. Therefore, based on the foregoing, the financing statements filed by American Exchange Bank were insufficient to perfect its security interest in the personal property of Alvo Grain and Feed, Inc. With that said, I feel it is important to note that while I am compelled to make that decision, it is not at all an easy one to make. The evidence showed that over many years Debtor used the "and" and the "&" interchangeably. Clearly, Debtor considered it to be a distinction without significance. Frankly, it is hard to understand why the Secretary of State's search logic failed to recognize the "&" symbol as the equivalent of "and" since "&" literally means "and." In any event, the fact is that a standard UCC search would not find the financing statements of American Exchange Bank.

Defendant's counsel spent considerable time at trial and in his brief arguing that with some minimal effort the searchers at the Secretary of State's office *could* find American Exchange Bank's financing statements. However, that evidence is not persuasive because under Revised Article 9 of the Uniform Commercial Code, the law no longer considers whether a reasonably diligent searcher would have found the financing statements.

Separate judgment to be entered.

DATED:  November 20, 2009.

> BY THE COURT:
>
> /s/ Thomas L. Saladino
> Chief Judge

Notice given by the Court to:
> *Erin Harris/Richard D. Myers
> John Hahn
> United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.